RE: CITY OF WALTERS
I HAVE REVIEWED THE WALTERS CITY CHARTER PROVISION REGARDING NEPOTISM, WHICH YOU FORWARDED TO ME IN YOUR MARCH 28 LETTER.
YOU ASK WHETHER THE CHARTER PROVISION SUPERSEDES STATE LAW PERTAINING TO NEPOTISM. THE STATE LAW, AS YOU KNOW, IS FOUND AT 11 O.S. 8-106 (1987), WHICH PROVIDES, IN PART:
 "NO ELECTED OR APPOINTED OFFICIAL OR OTHER AUTHORITY OF THE MUNICIPAL GOVERNMENT SHALL APPOINT OR ELECT ANY PERSON RELATED BY AFFINITY OR CONSANGUINITY WITHIN THE THIRD DEGREE TO ANY GOVERNING BODY MEMBER OR TO HIMSELF OR, IN THE CASE OF A PLURAL AUTHORITY, TO ANY ONE OF ITS MEMBERS TO ANY OFFICE OR POSITION OF PROFIT IN THE MUNICIPAL GOVERNMENT. THE PROVISIONS OF THIS SECTION SHALL NOT PROHIBIT AN OFFICER OR EMPLOYEE ALREADY IN THE SERVICE OF THE MUNICIPALITY FROM CONTINUING IN SUCH SERVICE OR FROM PROMOTION THEREIN."
(EMPHASIS ADDED.)
THE RESPONSIBILITY FOR INTERPRETATION OF CITY CHARTERS AND ORDINANCES MUST,-AS A GENERAL RULE, LIE WITH THE CITY'S OFFICIALS AND THEIR LEGAL COUNSEL. THIS IS SO BECAUSE ACTIONS OF CITY OFFICIALS PURSUANT TO THEIR CHARTER OR ORDINANCES SHOULD BE BASED ON THE ADVICE OF THE LEGAL COUNSEL WHO WILL BE CALLED UPON TO DEFEND THEM, SHOULD THEIR ACTIONS EVER COME INTO QUESTION. MOREOVER, ENFORCEMENT OF A CITY'S CHARTER OR ORDINANCES IS, AS A GENERAL RULE, LEFT TO LOCAL OFFICIALS.
WITH THAT IN MIND, HOWEVER, IT IS POSSIBLE FOR ME TO MAKE THE FOLLOWING COMMENTS, WHICH SHOULD PROVIDE A GENERAL ANSWER TO YOUR QUESTION. OKLAHOMA LAW STATES THAT MUNICIPAL CHARTER PROVISIONS CONTROL OVER ANY LAWS RELATING TO MUNICIPALITIES WHICH CONFLICT WITH THE CHARTER PROVISIONS. 11 O.S. 13-109 (1981). THE COURTS HAVE HELD THAT THIS IS TRUE INSOFAR AS SUCH CHARTER PROVISIONS CONFLICT WITH STATE LAW ON SUBJECTS RELATING TO PURELY MUNICIPAL MATTERS. SEE A. G. OPINION NO. 86-086.
THE CHARTER PROVISION YOU HAVE PROVIDED ME FROM WALTERS STATES THAT THE CITY MANAGER, THE COUNCIL, AND OTHER AUTHORITIES OF THE CITY GOVERNMENT, MAY NOT "APPOINT OR ELECT" PERSONS RELATED TO ANY COUNCILMAN, THE CITY MANAGER, AND SO ON. THE QUESTION THEN BECOMES WHETHER THIS CHARTER PROVISION ACTUALLY CONFLICTS WITH STATE LAW, OR WHETHER IT SIMPLY IS SILENT ON THE ISSUE OF CONTINUING EMPLOYMENT, AS THAT ISSUE IS ADDRESSED IN STATE LAW. IF THE CHARTER PROVISION IS CONSTRUED BY THE CITY OFFICIALS OR THEIR CITY ATTORNEY AS PROHIBITING A CONTINUED EMPLOYMENT OF PERSONS HIRED BEFORE THE OFFICIAL TOOK OFFICE, THEN THE CHARTER PROVISION DOES CONFLICT WITH STATE LAW, BUT, AS A MATTER OF PURELY LOCAL CONCERN, IS IN ACCORD WITH THE RIGHT OF THE CITY TO ENACT A CONFLICTING PROVISION. IF, HOWEVER, THE PROVISION IS CONSTRUED SOLELY TO PROHIBIT THE ACTUAL APPOINTMENT OR ELECTION OF A RELATIVE OCCURRING ONLY AFTER THE OFFICIAL TAKES OFFICE, AND NOT TO ADDRESS THE ISSUE OF PRIOR CONTINUING EMPLOYMENT, IT IS LIKELY THE CITY OFFICIALS AND THEIR ATTORNEY MAY FIND THERE IS NO CONFLICT AND STATE LAW IS APPLICABLE IN THIS AREA.
I AM SORRY I COULD NOT BE MORE SPECIFIC; HOWEVER, I HOPE THAT THIS HAS PROVIDED SOME GUIDANCE. I WOULD SUGGEST THAT THE CITY ATTORNEY BE ASKED TO EXAMINE THE CHARTER PROVISIONS AND, PERHAPS, TO RESEARCH HOW THE PROVISION HAS BEEN APPLIED IN WALTERS IN THE PAST.
(SUSAN BRIMER LOVING)